Vermont Superior Court
Filed 03/23/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-00635

| Grace Peer v. State of Vermont et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion to Clarify  (Motion: 1)
Filer:       Grace M. Peer
Filed Date:  March 18, 2026

The motion is DENIED IN PART.

Plaintiff Grace Peer has filed a motion to clarify, which contains eight questions about the transfer of venue in this case from the Orange County Superior Court to the Washington County Superior Court. While the Court is not obligated to clarify Ms. Peer's questions, it has reviewed the filing and offers this more robust description of the legal holding that has led to the transfer of Ms. Peer's action from Orange County Superior Court to the Washington Superior Court. Out of an abundance of caution, the Court has also examined Ms. Peer's request with the understanding that some of the questions appear to imply that this Court lacks the authority to hear the present dispute and could be interpreted as a motion for reconsideration. As noted below, the Court finds no grounds to reconsider or alter the February 27th decision.

Ms. Peer's questions effectively breakdown into two sets of questions about the transfer of venue. The first set concerns the authority of the Orange County Superior Court to transfer the matter to Washington County Superior Court and the Washington Court to accept the matter. The second concerns the basis for this transfer.

As stated in the February 27, 2026 Order, the transfer was made under 4 V.S.A. § 37(b)(1)(C) and 12 V.S.A. § 404(a). In particular, Section 404(a) states

> (a) When it appears to a presiding judge of a Superior Court that there is reason to believe that a civil action pending in such court cannot be impartially tried in the unit where it is pending, on petition of either party, such judge shall order the cause removed to the Superior Court in another unit for trial.

12 V.S.A. § 404(a). The Vermont Supreme Court has long held that this power vests the presiding judge of a particular unit with the authority to make this determination on venue and to

order the transfer when it appears reasonable. *Willard v. Norcross*, 83 Vt. 269, 272 (1910). The effect of such a transfer is primarily procedural. The case will be handled by Washington County Superior Court Clerks and the judge assigned to the Washington County Superior Court. It will be heard in Montpelier, Vermont.

As for the authority of the Washington County Superior Court to hear a case, Vermont has a unified judiciary with statewide jurisdiction. 4 V.S.A. § 30(a)(1). The county courts are units within this statewide judiciary. Id. at § 30(b). Therefore, the authority vested in one court is vested in all, subject to other statutory limitations.

The remainder of Ms. Peer's questions on authority are difficult to separate from the nature of her claims. In other words, Ms. Peer questions how the Court will be able to grant certain injunctive relief that she seeks. These are important questions that Ms. Peer will have to answer in the prosecution of her claims and which would be true regardless of where this matter was heard. At this time, any opinion that the Court would offer on these questions is premature.

The second part of Ms. Peer's motion is best understood as a question about the basis of the February 27th Venue transfer order. In that decision, Judge Tomasi states that the instant action names as a Defendant a sitting judge in this Unit. The only judge listed among the defendants in Ms. Peer's complaint is Dickson Corbett, who is currently serving as a Superior Court Judge, assigned to the Windsor County Family Division. This court is part of the Orange-Windsor Unit.

Beyond this Defendant, however, the Court notes that Ms. Peer's complaint involves both current and past-Orange County State's Attorneys. Given the current Orange County State's Attorneys' on-going role as the chief law enforcement officer for Orange County and regular interactions with Orange County Court staff, it would seem reasonable to move this matter to a different venue where the staff will not have the same day-to-day contact with the defendants, and the presiding judge is associated with a different unit.

In making this assignment, this Court does not understand Judge Tomasi to have found any bias or any direct conflict issues. Instead, it appears that he acted within the reasonable discretion under *Willard*. 83 Vt. at 272 to ensure a fair and impartial forum in appearance as well as substance.

For these reasons, this Court finds no reason to disturb or set aside the February 27th venue transfer decision. To the extent that Plaintiff's filing can be interpreted as a motion to reconsider the transfer of venue, that motion is **Denied.**

Finally, the Court will note that this matter was filed on January 29, 2026. Parties have 60 days following the filing of a complaint to complete service on the defendants. V.R.C.P. 3(a). To date, the Court has not received any return of service or waiver of service for any defendant in this case. The time for completing such service is quickly ending, and if such returns are not received in a timely manner, then the present matter may be dismissed for failure to serve the defendants. V.R.C.P. 41(b).

Electronically signed on 3/20/2026 6:25 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge